### THIEL DETECTIVE SERVICE CO. v. McCLURE.

(Circuit Court of Appeals, Sixth Circuit. January 31, 1906.)

#### No. 1,449.

PRINCIPAL AND AGENT—POWERS OF AGENT—CONSTRUCTION OF LETTER OF ATTORNEY.

A power of attorney given by an invalid mother to her son generally to take charge of, manage, and control her business relating to her personal estate, and specifically to sell any personal property and collect and dispose of the proceeds, to collect debts, to draw checks and sign her name thereto, to rent her real estate, and to execute any papers for her relating to her personal business and estate, conferred power on him only to do the things specifically mentioned, and in addition such other things as were necessary or usually required to be done in the management of her affairs, and did not include authority to bind her by the verbal employment of a detective agency to investigate the management of a corporation in which she was a stockholder, for which service a very large sum was charged in comparison with the value of her interest in the company.

In Error to the Circuit Court of the United States for the Western District of Kentucky.

See 130 Fed. 55.

This was an action against Henry D. McClure, individually, and Henry D. McClure, as executor of Mary D. McClure, upon an account for services rendered and moneys expended at their request. Mary D. McClure was the mother of Henry D. McClure. She was a widow and an invalid. She was a stockholder in a small corporation known as the Anchor Roller Mill, making flour at Corydon, Ky. Henry D. McClure was a stockholder in the same corporation. Between them they owned one-half of the capital stock, which was $30,000, but how much of this one-half each owned is not shown. They were both directors, but the mill was under management of C. L. King and C. E. Harness; one being president and the other secretary and manager. The plaintiff is a Missouri corporation having its office in St. Louis. Its business, as shown by its charter, was "the investigation of crimes and offenses committed or suffered to have been committed; to cause the apprehension of criminals and offenders; to prevent the commission of crime and offenses contemplated; to guard and protect personal and real property and to look up testimony, facts and witnesses in matters of property, in matters of personal rights and legal proceedings."

Not being satisfied with the management and results of the corporate business of the Anchor Roller Mills, Henry D. McClure employed the services of the plaintiff to conduct an investigation into its affairs. The contention was that this employment was both for himself and his mother, the testatrix, Mary D. McClure, and there was evidence tending to show that he represented himself as acting for himself and his mother, and that he exhibited a power of attorney from his mother. That paper was in these words:

"Know all men by these presents: That I, Mary H. McClure, of Henderson county, Kentucky, do hereby name, constitute and appoint my son, Henry D. McClure, of the same county and state, my true lawful and only agent and attorney in fact, with full power, right and authority for me and in my name to take charge of, manage and control all of my business relating to my personal estate, that is to sell and dispose of any personal property I may own whatsoever situated, and to collect and dispose of the proceeds thereof, to collect any and all debts due me, sign my name to checks on any bank account of mine, and execute and deliver any and all other papers for me and in my name that I myself could execute relating to my personal business and personal estate, save and except only that under this power my said agent and attorney cannot sell and convey real estate, but he may and can under this power rent out and lease any real estate for such term of years and upon such conditions as he may think best and to my interest, and I hereby ratify and confirm whatever my said agent and attorney may do for me and in my name in the premises.

"Witness my hand this April 21, 1903.

"Mary H. McClure."

Pending the rendition of plaintiff's services, which extended over a period of several months, Mrs. McClure died. For the services so rendered the plaintiff presented an account aggregating $3,533.23. Henry D. McClure confessed judgment, but at the close of all of the plaintiff's evidence the court instructed the jury to find for the estate of Mrs. Mary H. McClure. This is now assigned as error.

Robert D. Vance, for plaintiff in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The case must turn upon the scope of the agency of Henry D. McClure under the written letter of attorney heretofore set out. There

was some evidence tending to show that Mrs. McClure had for some time prior been an invalid, and that her son Henry D. McClure had in a general way looked after her affairs. But for his powers when the contract here involved was made we must look to the express letter of authority executed very shortly before plaintiff's employment. Any authority he may theretofore have exercised must be regarded as limited and defined by this instrument.

The letter of attorney was exhibited to the plaintiff, and upon its sufficiency the plaintiff's claim against Mrs. McClure's estate must stand or fall; there being substantially no evidence in any wise tending to show her knowledge or approval of the agreement alleged to have been made in her behalf. A careful inspection of the power under which Henry D. McClure acted leads us to an agreement with the construction reached by the circuit judge, who concluded that the general power conferred by the opening clause was limited and defined as follows:

"First. To sell and dispose of any personal property I may own wheresoever situated.

"Second. To collect and dispose of the proceeds thereof.

"Third. To collect any and all debts due me.

"Fourth. To sign any name to checks on any bank account of mine.

"Fifth. To execute and deliver any and all other papers for me and in my name that I myself could execute relating to my personal business and my personal estate, save and except that under this power my said agent and attorney cannot sell and convey real estate." but

"Sixth. He may and can under this power rent out and lease my real estate for such use and upon such conditions as he may think best and to my interest."

The plaintiff was not employed to collect any debt. That was not its business. It is an agency for the discovery of crime and the detection of offenders. Its business also is to look up testimony, facts, and witnesses in matters of property. Its chartered powers have been set out in full. The auditing of book accounts may be one means of investigation. The very extraordinary account of $3,533.23 against Mrs. McClure for services to her as a mere shareholder in this roller mill company is not for the mere services of a bookkeeper in straightening out the company's books. The time covered by the account extends from April to September and during much of the time two men who styled themselves "operators" or "auditors," at $12.50 per day each and all expenses, were engaged in the investigations thus set on foot. Included in the items are "cigars, drinks," etc., which the chief operator, Capt. T. H. James, says "is necessary in a certain class of our business." This we mention, not by way of criticising the justice of the account as against those who actually set in motion the detective service company, but as tending to show that the employment was not the mere auditing of books of the mill company, but an inquisitorial affair having serious ends in view, if Mr. McClure at all understood the nature of the machinery he had set going. The employment did not involve the collection of a debt, nor the sale or disposition by mortgage, pledge, or otherwise of her shares, nor the disposition of the proceeds of any such sale. It is not a question of power to sign any check or any other paper relating to her business.

The transaction does not come under any of the specific powers granted, and there is no authority which can rightfully extend the power which Mrs. McClure so specifically defined. That they are wide powers and may include authority to do those things necessary or usually required to be done in the execution of such authority we concede.

The conclusion we reach is that no reasonable construction of the authority conferred by the letter of attorney would cover the agreement here involved or charge Mrs. McClure for services of the kind rendered by plaintiff, however valuable they may have been to the company in which she was a stockholder. Plaintiff knew that it was dealing with an agent. It knew that he acted only under and by virtue of written delegated authority. It was bound at its peril to see that the contract which it proposed to make came within the power under which the agent acted. The construction and meaning of this instrument was a question of law for the court, and there were no circumstances in evidence which required the submission of any question to the jury.

Judgment affirmed.